1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8
9

THE CONTINENTAL INSURANCE
COMPANY, a Pennsylvania corporation;
CONTINENTAL CASUALTY COMPANY,
an Illinois corporation; and AMERICAN
CASUALTY COMPANY OF READING, PA,
a Pennsylvania corporation,

No.:  2:21-cv-1341

**COMPLAINT FOR
DECLARATORY JUDGMENT**

Plaintiffs,

v.

BOBBY WOLFORD TRUCKING &
SALVAGE, INC., a Washington corporation;
ROBERT C. WOLFORD, individually and on
behalf of his marital community; CITY OF
BOTHELL, a Washington municipal
corporation; HWA GEOSCIENCES, INC., a
Washington corporation; and GREAT WEST
CASUALTY COMPANY, a Nebraska
corporation,

Defendants.

Plaintiffs The Continental Insurance Company ("CIC"), Continental Casualty

Company ("CCC"), and American Casualty Company of Reading, PA ("ACC") (collectively,

the "CNA Insurers"),[1] pursuant to 28 U.S.C. §2201 *et seq*., and Fed. Civ. P. 57, for their

---

[1]  CNA is a service mark used by CIC, CCC, ACC and other affiliated companies for trade and marketing purposes. "CNA" is not an insurance company.

COMPLAINT FOR DECLARATORY JUDGMENT - 1
(2:21-cv-1341)

LAW OFFICES OF
**NICOLL BLACK & FEIG**
A PROFESSIONAL LIMITED LIABILITY COMPANY
1325 FOURTH AVENUE, SUITE 1650
SEATTLE, WASHINGTON 98101
TEL: 206-838-7555
FAX: 206-838-7515

Complaint for Declaratory Judgment against Bobby Wolford Trucking & Salvage, Inc., ("BWT"), Robert C. Wolford ("Wolford"), City of Bothell ("City"), HWA Geosciences, Inc. ("HWA"), and Great West Casualty Company ("Great West") (collectively, "Defendants"), state as follows:

## NATURE OF ACTION

1.      The CNA Insurers seek a declaratory judgment that they have no obligation to defend or indemnify BWT and Wolford under four commercial general liability insurance policies with respect to the underlying action filed by the City: *City of Bothell v. HWA Geosciences, Inc. et al.*, Case No. No. 20-2-03425-8 SEA, King County Superior Court of the State of Washington ("Underlying Action").

2.      The City pleads causes of action in the Underlying Action against HWA, BWT and Wolford relating to their environmental remediation work at a property owned by the City.

3.      The City alleges that the underlying defendants failed to remove all of the petroleum-contaminated soil and/or replaced the excavated soil with petroleum-contaminated fill.

## THE PARTIES

4.      CIC is a foreign corporation organized and existing under the laws of the Commonwealth of Pennsylvania with its principal place of business located in Chicago, Illinois.

5.      CCC is a foreign corporation organized and existing under the laws of the State of Illinois with its principal place of business located in Chicago, Illinois.

6.      ACC is a foreign corporation organized and existing under the laws of the Commonwealth of Pennsylvania with its principal place of business located in Chicago, Illinois.

7.      Defendant Bobby Wolford Trucking & Salvage, Inc. ("BWT") is a Washington corporation with its principal place of business located in Woodinville, Washington.

LAW OFFICES OF
**NICOLL BLACK & FEIG**
A PROFESSIONAL LIMITED LIABILITY COMPANY
1325 FOURTH AVENUE, SUITE 1650
SEATTLE, WASHINGTON 98101
TEL:  206-838-7555
FAX:  206-838-7515

8.      Defendant Robert C. Wolford ("Wolford") is an individual that is part of a marital community residing in King County, Washington and serves as the President and Governor of BWT.

9.      Defendant The City of Bothell ("City") is a municipal corporation within King County, Washington and is a party with an interest in the outcome of this dispute.

10.     Defendant HWA Geosciences Inc. ("HWA") is a Washington corporation registered to do business in the State of Washington. Its principal place of business is located in Bothell, Washington and is a party with an interest in the outcome of this dispute.

11.     Defendant Great West Casualty Company ("Great West") is a foreign corporation organized and existing under the laws of the State of Nebraska with its principal place of business in South Sioux City, Nebraska. Great West provided trucking liability policies contemporaneous with the policies issued by the CNA Insurers and is a party with an interest in the outcome of this dispute.

## JURISDICTION AND VENUE

12.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332, *et seq.*, because there is complete diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs.

13.     Venue in this district is proper pursuant to 28 U.S.C. § 1391(a), as BTW transacts business and maintains its principal place of business in this district, a substantial part of the events or omissions giving rise to this action occurred in this district. Consideration by the U.S. District Court for the Western District of Washington in Seattle is proper pursuant to W.D. Wash. Local Rule CR 3(d).

14.     By reason of the allegations set forth herein, a real immediate and justiciable controversy exists and will continue to exist between the parties until such time as it is resolved by this Court.

//

COMPLAINT FOR DECLARATORY JUDGMENT - 3
(2:21-cv-1341)

LAW OFFICES OF
**NICOLL BLACK & FEIG**
A PROFESSIONAL LIMITED LIABILITY COMPANY
1325 FOURTH AVENUE, SUITE 1650
SEATTLE, WASHINGTON 98101
TEL: 206-838-7555
FAX: 206-838-7515

1

## THE UNDERLYING ACTION

2      15.     The City of Bothell filed a Complaint in the Underlying Action on February 7,

3  2020 for breach of contract and cost recovery/contribution under the Model Toxics Control

4  Act, RCW 70A.305 *et. seq.* and WAC 173-340-200 and declaratory relief (the "Underlying

5  Action").

6      16.     The City of Bothell filed a First Amended Complaint in the Underlying Action

7  on May 24, 2021 adding Wolford as a defendant ("Underlying Complaint"). A copy of the

8  Underlying Complaint is attached hereto as **Exhibit 1**.

9      17.     The City alleges that in 2010 it purchased from the Northshore School District

10  (the "District") real property identified as King County Tax Parcel No. 072605-9498, also

11  commonly known as 18421 Bothell Way NE, Bothell, Washington (the "Property").

12  (Underlying Complaint at ¶¶ 1 & 9.)

13      18.     After the City's acquisition of the Property, the City alleges that it moved

14  forward with the performance of remedial activities on the Property, including excavation of

15  soil containing hazardous substances, placement of backfill in the excavated area, and removal

16  and treatment of hazardous substances in groundwater.  (*Id.* at ¶ 10.)

17      19.     The City and HWA entered into a contract dated May 4, 2010 ("HWA

18  Contract"), whereby HWA agreed to perform remedial activities at multiple contaminated

19  properties in Bothell, including but not limited to the Property. (*Id.* at ¶ 11.)

20      20.     The City and BWT entered into contracts dated July 20, 2010 ("2010

21  Proposal") and July 27, 2010 ("2010 Agreement") (collectively "BWT Contract") whereby

22  BWT agreed to perform remedial activities regarding the Property, including but not limited to

23  the following:

24          a.    [R]emoval of building foundations, slabs, and other
               below-ground infrastructure [on the Property]; removal
25             and disposal of contaminated soils, and backfilling the
               excavations to match existing grade; removal of
26             underground storage tanks and associated piping; utility

COMPLAINT FOR DECLARATORY JUDGMENT - 4
(2:21-cv-1341)

LAW OFFICES OF
**NICOLL BLACK & FEIG**
A PROFESSIONAL LIMITED LIABILITY COMPANY
1325 FOURTH AVENUE, SUITE 1650
SEATTLE, WASHINGTON 98101
TEL: 206-838-7555
FAX: 206-838-7515

disconnections; erosion control and other work described in this Proposal and as specified in the Contract Documents.

(*Id.* at ¶ 22.)

21.     Appendix A to the 2010 Agreement provides technical specifications for the removal of hazardous materials. (*Id.* at ¶ 29.)

22.     According to the Underlying Complaint, Appendix A provides that "[t]he scope of work in this section includes remediation of petroleum contaminated soils by excavation, removal, and off-site treatment/disposal, and subsequent backfilling of the excavation." (*Id.* at ¶ 30.)

23.     According to the Underlying Complaint, Appendix A further provides that the type of structural fill material "shall be granular in nature, free from organics, uncontaminated, non-moisture sensitive and conforming to Section 9-03.14(2) of the 2010 WSDOT Standard Specifications for Select Borrow material." (*Id.* at ¶ 31.)

24.     According to the Underlying Complaint, Appendix A specified Suitable On-Site material as: "[o]n-site granular soils free of organic and other deleterious material….," while "Unsuitable Material" was defined to include "[s]oil, organics, waste or other material not complying with the specifications. Unusable natural ground that may include peat, soil, organics, waste, or other material not complying with the Specification[s] or meeting the requirements for compaction and gradation." (*Id.* at ¶ 32.)

25.     In 2010, under HWA's supervision, BWT removed underground storage tanks from the Property and excavated and removed petroleum-contaminated soils from the Property. (*Id.* at ¶ 33.)

26.     Upon completion of the removal work, BWT transported and placed backfill in the excavated areas of the Property to match existing grade. (*Id.* at ¶ 34.)

//

//

COMPLAINT FOR DECLARATORY JUDGMENT - 5
(2:21-cv-1341)

LAW OFFICES OF
**NICOLL BLACK & FEIG**
A PROFESSIONAL LIMITED LIABILITY COMPANY
1325 FOURTH AVENUE, SUITE 1650
SEATTLE, WASHINGTON 98101
TEL: 206-838-7555
FAX: 206-838-7515

27.     Under HWA's supervision, BWT removed a total of 8,746 tons of petroleum contaminated soil from the Property and disposed these contaminated soils off-site. (*Id.* at ¶ 35.)

28.     The City alleges that BWT used backfill material that was poor quality and contaminated with large pieces of asphalt and other impacted debris. (*Id.* at ¶ 39.)

29.     The City alleges that, as President of BWT, Wolford was the person immediately and directly responsible for BWT's operations at the Property. (*Id.*)

30.     The City alleges that HWA did not properly supervise BWT's transport and placement of backfill material on the Property, and HWA did not notify the City that BWT used contaminated backfill material that did not meet the specifications set forth in the BWT Contract. (*Id.* at ¶ 41.)

31.     The City alleges that it incurred significant remedial action costs (including consulting and legal fees) defending against claims brought by the Bothell Partners and the Northshore School District related to contamination of real property downgradient and adjacent to the southern border of the Property ("Bothell Partners Property"). (*Id.* at ¶ 56.)

32.     The City alleges that in order to settle the Bothell Partners Lawsuit, the City agreed to perform additional remedial activities on the Property to address the contamination. (*Id.* at ¶ 58.)

33.     The City alleges that it hired a new environmental consultant to evaluate existing conditions and create a scope of work for the performance of additional remedial activities necessary to address the contamination and to ensure that a "NFA determination" could be obtained for the Bothell Partners Property. (*Id.* at ¶ 59.)

34.     The City alleges that it notified HWA and BWT in advance of the performance of the additional remedial activities on the Property, and provided HWA and BWT an opportunity to inspect the remedial activities during performance. (*Id.* at ¶ 60.)

//

COMPLAINT FOR DECLARATORY JUDGMENT - 6
(2:21-cv-1341)

LAW OFFICES OF
**NICOLL BLACK & FEIG**
A PROFESSIONAL LIMITED LIABILITY COMPANY
1325 FOURTH AVENUE, SUITE 1650
SEATTLE, WASHINGTON 98101
TEL: 206-838-7555
FAX: 206-838-7515

35.     During the course of the remedial activities, The City alleges that it determined that the backfill material provided by BWT and Wolford (under HWA's supervision) exceeded MTCA cleanup standards for soil for "PAHs" (polycyclic aromatic hydrocarbons) and petroleum constituents. (*Id.* at ¶ 62.)

36.     The City alleges that it determined that all backfill material provided by BWT and Wolford (under HWA's supervision) needed to be removed and replaced. (*Id.* at ¶ 62.)

37.     Additionally, during the course of the remedial action, the City alleges it learned that not all contaminated soils (including contaminated soils directly in contact with shallow groundwater) were removed by BWT and HWA in 2010. (*Id.* at ¶ 63.)

38.     The City alleges causes of action against BWT for breach of contract, cost recovery/contribution under the Model Toxics Control Act ("MTCA") and for a declaratory judgment under the MTCA and the Uniform Declaratory Judgments Act ("DJ Act"). (*Id.* at ¶¶ 74-83; 98-112; 131-135.)

39.     The City alleges causes of action against Wolford for cost/recovery under the MTCA and for a declaratory judgment under the DJ Act. (*Id.* at ¶¶ 113-130; 131-135.)

## THE COVERAGE DISPUTE

40.     On February 14, 2020, BWT, through its agent, provided notice of the Underlying Action to CIC, seeking defense and indemnification under the CIC Policy (see **Exhibit 2**).

41.     On May 13, 2020, CIC denied coverage to BWT for the Underlying Action under CIC Policy and applicable law because the allegations in the Underlying Action do not implicate coverage (see **Exhibit 3**).

42.     On December 29, 2020, BWT, through its counsel, provided notice of an alleged violation of the Washington Insurance Fair Conduct Act ("IFCA") as to CIC's position that the absolute pollution exclusion in the CIC Policy precludes coverage for the claims asserted against BWT in the Underlying Action (see **Exhibit 4**).

COMPLAINT FOR DECLARATORY JUDGMENT - 7
(2:21-cv-1341)

LAW OFFICES OF
**NICOLL BLACK & FEIG**
A PROFESSIONAL LIMITED LIABILITY COMPANY
1325 FOURTH AVENUE, SUITE 1650
SEATTLE, WASHINGTON 98101
TEL: 206-838-7555
FAX: 206-838-7515

43.     On January 21, 2021, CIC agreed to "resolve" the allegation that CIC violated IFCA, by participating in BWT's defense of the Underlying Action under a complete reservation of rights (see **Exhibit 5**).

44.     On July 15, 2021, CIC updated its coverage position in response to the City's filing its First Amended Complaint on May 24, 2021, which added Wolford as a Defendant with respect to his duties as an executive officer of BWT (see **Exhibit 6**).

45.     The CNA Insurers seek a judgment declaring that they have no obligation to defend or indemnify BWT or Wolford.

## THE POLICIES

46.     CIC issued Commercial General Liability ("CGL") Policy Number C4013616472 to BWT for the policy period April 1, 2010 to April 1, 2011 ("2010-11 Policy"). (A copy of 2010-11 Policy is attached as **Exhibit 7**.)

47.     CCC issued CGL Policy No. C4013616472 to BWT for the policy period April 1, 2011 to April 1, 2012 ("2011-12 Policy"). (A copy of the 2011-12 Policy is attached as **Exhibit 8**.)

48.     ACC issued CGL Policy No. C4013616472 to BWT for the policy period April 1, 2012 to April 1, 2013 ("2012-13 Policy"). (A copy of the 2012-13 Policy is attached as **Exhibit 9**.)

49.     ACC issued CGL Policy No. C4013616472 to BWT for the policy period April 1, 2013-14 ("2013-14 Policy"). (A copy of the 2013-14 Policy is attached as **Exhibit 10**.) (Collectively, the 2010-11, 2011-12, 2012-13 and 2013-14 Policies are referred to as the "Policies".)

50.     The Policies contain the following relevant Insurance Agreement:

//

//

//

COMPLAINT FOR DECLARATORY JUDGMENT - 8
(2:21-cv-1341)

LAW OFFICES OF
**NICOLL BLACK & FEIG**
A PROFESSIONAL LIMITED LIABILITY COMPANY
1325 FOURTH AVENUE, SUITE 1650
SEATTLE, WASHINGTON 98101
TEL:  206-838-7555
FAX:  206-838-7515

## COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY

**1.    Insuring Agreement**

a.    We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

(1)    The amount we will pay for damages is limited as described in Section III—Limits Of Insurance; and

(2)    Our right and duty to defend when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages A and B.

b.    This insurance applies to "bodily injury" and "property damage" only if:

(1)    The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"; and

(2)    The "bodily injury" or "property damage" occurs during the policy period; and

(3)    Prior to the policy period, no insured listed under Paragraph 1. of Section II – Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or

LAW OFFICES OF
**NICOLL BLACK & FEIG**
A PROFESSIONAL LIMITED LIABILITY COMPANY
1325 FOURTH AVENUE, SUITE 1650
SEATTLE, WASHINGTON 98101
TEL: 206-838-7555
FAX: 206-838-7515

resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

c. "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any insured listed under Paragraph 1. Of Section II – Who is an insured or any "employee" authorized by    you  to give or receive notice of an "occurrence" or claim, includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the policy period.

d. "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph 1. of Section II – Who Is An Insured or any "employee" authorized by you to give or    receive notice of an "occurrence" or claim:

(1) Reports all, or part, of the "bodily" or "property damage" to us or any other insurer;

(2) Receives a written verbal demand or claim for damages because of the "bodily injury" or "property damage"; or

(3) Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

e. Damages because of "bodily injury" include damages claimed by any person or organization for care, loss of services or death resulting at any time from the "bodily injury."

51. Section I of the Policies contains the following relevant "Damage to Your Work" Exclusion:

2. **Exclusions**

This insurance does not apply to: …

* * *

l. **Damage To Your Work**

"Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard."

* * *

LAW OFFICES OF
**NICOLL BLACK & FEIG**
A PROFESSIONAL LIMITED LIABILITY COMPANY
1325 FOURTH AVENUE, SUITE 1650
SEATTLE, WASHINGTON 98101
TEL: 206-838-7555
FAX: 206-838-7515

52.     The Policies contain the following relevant Definitions:

**SECTION V – DEFINITIONS**

\* \* \*

13.   "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

\* \* \*

15.   "Pollutants" mean any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed.

\* \* \*

22.   "Your Work";

**a.**    Means:

**(1)**    Work or operations performed by you or on your behalf; and

**(2)**    Materials, parts or equipment furnished in connection with such work or operations.

**b.**    Includes:

**(1)**    Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your product"; and

**(2)**    The providing of or failure to provide warnings or instructions.

53.     The Policies contain an AMENDATORY ENDORSEMENT – POLLUTION EXCLUSION ("Pollution Exclusion"). The relevant portions of the Pollution Exclusion are as follows:

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART
Exclusion **f.** under Paragraph **2.**, **Exclusions of Section I -**

COMPLAINT FOR DECLARATORY JUDGMENT - 11
(2:21-cv-1341)

LAW OFFICES OF
**NICOLL BLACK & FEIG**
A PROFESSIONAL LIMITED LIABILITY COMPANY
1325 FOURTH AVENUE, SUITE 1650
SEATTLE, WASHINGTON 98101
TEL:  206-838-7555
FAX:  206-838-7515

**COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY** is deleted and replaced by the following:

This insurance does not apply to:

(1)   "Bodily injury" or "property damage" arising out of the actual, alleged or    threatened discharge, dispersal, seepage, migration, release or escape of "pollutants":

    (a)   At or from any premises, site or location which is or was at any time owned or occupied by, or rented or loaned to, any insured. However, this subparagraph does not apply to: …

    (b)   At or from any premises, site or location which is or was at any time used by or for any insured or others for the handling, storage, disposal, processing or treatment of waste;

    (c)   Which are or were at any time transported, handled, stored, treated, disposed of, or processed as waste by or for any insured or any person or organization for whom you may be legally responsible; or

    (d)   At or from any premises, site or location on which any insured or any contractors or subcontractors working directly or indirectly on any insured's behalf are performing operations if the "pollutants" are brought on or to the premises, site or location in connection with such operations by such insured, contractor or subcontractor. However, this subparagraph does not apply to: …

    (e)   At or from any premises, site or location on which any insured or any contractors or subcontractors working directly or indirectly on any insured's behalf are performing operations if the operations are to test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of, "pollutants."

(2)   Any loss, cost or expense arising out of any:

    (a)   Request, demand, order or statutory or regulatory requirement that any insured or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of, "pollutants"; or

COMPLAINT FOR DECLARATORY JUDGMENT - 12
(2:21-cv-1341)

LAW OFFICES OF
**NICOLL BLACK & FEIG**
A PROFESSIONAL LIMITED LIABILITY COMPANY
1325 FOURTH AVENUE, SUITE 1650
SEATTLE, WASHINGTON 98101
TEL: 206-838-7555
FAX: 206-838-7515

(b)     Claim or suit by or on behalf of a governmental
authority….

## COUNT I – DECLARATORY JUDGMENT

**A.      THE POLLUTION EXCLUSION BARS COVERAGE**

54.     The CNA Insurers hereby repeat and reiterate all prior paragraphs as if fully set forth herein.

55.     The Underlying Action seeks damages related to BWT and Wolford's alleged failure to remove all of contaminated soil from the Property.

56.     The Underlying Action seeks damages related to BWT and Wolford allegedly providing backfill material that exceeded the MTCA cleanup standards for soil for polycyclic aromatic hydrocarbons and petroleum constituents.

57.     Sections 1(d) and (e) of the Pollution Exclusion within the Policies applies and bars coverage for all of the claims in the Underlying Action against BWT and Wolford.

58.     The CNA Insurers request that the Court enter a judgment declaring that there is no coverage under the Policies and that the CNA Insurers have no obligation to provide a defense and/or any indemnity to BWT and Wolford in the Underlying Action.

**B.      THE "DAMAGE TO YOUR WORK" EXCLUSION BARS OR LIMITS
         COVERAGE**

59.     The CNA Insurers hereby repeat and reiterate all prior paragraphs as if fully set forth herein.

60.     The Underlying Action seeks damages related to BWT and Wolford allegedly providing backfill material that exceeded the MTCA cleanup standards for soil for polycyclic aromatic hydrocarbons and petroleum constituents.

61.     The "Damage to Your Work" Exclusion applies to bar or limit coverage for any and all damages related to BWT and Wolford's provision of backfill material.

//

COMPLAINT FOR DECLARATORY JUDGMENT - 13
(2:21-cv-1341)

LAW OFFICES OF
**NICOLL BLACK & FEIG**
A PROFESSIONAL LIMITED LIABILITY COMPANY
1325 FOURTH AVENUE, SUITE 1650
SEATTLE, WASHINGTON 98101
TEL:  206-838-7555
FAX:  206-838-7515

1    62.    The CNA Insurers request that the Court enter a judgment declaring that there is

2    no coverage under the Policies and that the CNA Insurers have no obligation to provide a

3    defense and/or any indemnity to BWT and Wolford in the Underlying Action

4                        **RIGHT TO AMEND COMPLAINT**

5         The CNA Insurers reserve the right to amend this Complaint in the future in accordance

6    with Fed. R. Civ. P. 15.

7                            **PRAYER FOR RELIEF**

8         WHEREFORE, the CNA Insurers pray that this Court enter judgment:

9    1.    Declaring that the CNA Insurers have no duty to defend BWT and Wolford

10    under the Policies with regard to the Underlying Action;

11    2.    Declaring that the CNA Insurers have no duty to indemnify BWT and Wolford

12    under the Policies with regard to the Underlying Action;

13    2.    To the extent allowed by law, reimbursing any and all defense costs, fees, or

14    expenses incurred under the Policies with regard to the Underlying Action;

15    3.    Awarding all interest allowed by law;

16    4.    Awarding attorneys' fees and costs allowed by law; and

17    5.    Granting any other and further relief as the Court deems just and equitable.

18

19         DATED this 1st day of October, 2021.

20                                        NICOLL BLACK & FEIG PLLC

21

22                                        */s/ Curt H. Feig*
                                          */s/ Matthew C. Erickson*
23                                        Curt H. Feig, WSBA #19890
                                          Matthew C. Erickson, WSBA #43790
24                                        *Attorneys for The Continental Insurance*
                                          *Company, Continental Casualty Company,* and
25                                        *American Casualty Company of Reading, PA*

26

COMPLAINT FOR DECLARATORY JUDGMENT - 14
(2:21-cv-1341)

LAW OFFICES OF
**NICOLL BLACK & FEIG**
A PROFESSIONAL LIMITED LIABILITY COMPANY
1325 FOURTH AVENUE, SUITE 1650
SEATTLE, WASHINGTON 98101
TEL: 206-838-7555
FAX: 206-838-7515